51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathryn ROBINSON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary, Department of Health and Human
Services, Defendant-Appellant.
 No. 94-35182.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 24, 1995.
 
 Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kathryn Robinson appeals the district court's judgment affirming the decision of the Secretary of Health and Human Services (Secretary), denying claimant's application for disability insurance benefits. Claimant contends that (1) the Secretary's decision that the claimant is not disabled is not supported by substantial evidence in the record; (2) the district court erred in failing to consider psychological tests results, in relying on non-treating medical expert's testimony, and in concluding that the claimant could perform sedentary work; and (3) the Administrative Law Judge (ALJ) erred in her consideration of the vocational expert's testimony.
 
 
 3
 Robinson's main focus on appeal is the Secretary's finding her not disabled due to her mental impairments. Robinson has argued that the testimony of her treating physicians was not accorded appropriate weight by the ALJ, particularly on the issue of her mental health. The claimant cites Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989), for the proposition that the uncontroverted opinion of a treating physician can be disregarded only in the face of clear and convincing reasons. We distinguish Robinson's case from Magallanes. The claimant's only physician of record who treated her over any significant period is Dr. Michael Gomez. While he did treat Robinson for depression, his main focus was on her back pain. Paradoxically for Robinson's case, this physician concluded that the claimant would be able to perform sedentary work. Of the other individuals listed as having treated Robinson, one is a medical social worker, one is a clinical psychologist, and one is a physical therapist. By contrast, Dr. John E. Kooiker, a psychiatrist, reviewed the claimant's record, examined her briefly at the hearing, and testified as a medical expert. We do not find that the ALJ erred in giving this testimony greater weight than that of Robinson's experts; under the specific facts of this case, the medical expert's opinion was entitled to the deference it was accorded.
 
 
 4
 We have considered Robinson's other assignments of error and find they lack merit. Accordingly, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3